**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jeffrey Wideman, Respondent,

v.

Cemetery Equity Solutions, Inc., Appellant.

Appellate Case No. 2023-000513

———————

Appeal From Orangeburg County
James B. Jackson, Jr., Master-in-Equity

———————

Unpublished Opinion No. 2026-UP-049
Submitted January 2, 2026 – Filed February 4, 2026

———————

**AFFIRMED**

———————

Carl David Hiller and Christina Marie Brown, both of HHP Law Group, LLC, of Columbia; and Randall Scott Hiller, of Greenville, all for Appellant.

Chelsea A. Glover, of Johnson Toal & Battiste, PA, of Orangeburg; and I.S. Leevy Johnson, of Johnson Toal & Battiste, PA, and Mark Campbell McLawhorn, both of Columbia, all for Respondent.

———————

**PER CURIAM:** Cemetery Equity Solutions, Inc. (CES) appeals the master-in-equity's order finding it breached the terms of two contracts with Jeffrey

Wideman when it failed to provide him with full compensation for services rendered and entering judgment in favor of Wideman in the amount of $65,750.00. On appeal, CES argues the master erred in failing to consider all of its payments to Wideman for the entirety of the contract. We affirm pursuant to Rule 220(b), SCACR.

We hold there is evidence in the record to support the master's finding that the dispute over payments was limited to the dates of November 3, 2017, to September 7, 2018, for maintenance services and October 7, 2017, to September 23, 2018, for additional burial services. *See McCall v. IKON*, 380 S.C. 649, 658, 670 S.E.2d 695, 700 (Ct. App. 2008) ("An action for breach of contract seeking money damages is an action at law."); *56 Leinbach Invs., LLC v. Magnolia Paradigm, Inc.*, 411 S.C. 466, 471, 769 S.E.2d 242, 245 (Ct. App. 2014) ("On appeal of an action at law, this court will affirm the master's factual findings if there is any evidence in the record which reasonably supports them."). Wideman did not contest that the payments made before the above dates were made properly and CES does not allege it overpaid Wideman during that period. Accordingly, evidence supports the master's finding that CES is not entitled to credit for payments made prior to the disputed timeframe.

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.